1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BMO BANK N.A.,                              No.  2:25-cv-1333-CKD

12                  Plaintiff,

13         v.                                    ORDER AND

14   DEALERS CHOICE TRANSPORTER,                 FINDINGS AND RECOMMENDATIONS
     INC., et al.,
15
                    Defendants.
16

17

18         Plaintiff, BMO Bank N.A., formerly known as BMO Harris Bank N.A., moves the court

19   for default judgment against the defendants, Dealers Choice Transporter, Inc., a California

20   corporation, and Bhupinder Gill, an individual. (ECF No. 10.) By this motion, plaintiff seeks a

21   default judgment against defendants in the total amount of $454,118.25. (Id. at 11.)

22         Defendants have not answered the complaint or otherwise appeared in this action. Thus,

23   the motion for default judgment is unopposed. As set forth below, the undersigned recommends

24   the motion be granted and default judgment be entered for the sum of $453,468.25.

25   **I. BACKGROUND**

26         Plaintiff is a national banking association in the business of providing financing for

27   commercial trucking operations.  (ECF No. 1, ¶¶ 4, 8.) Defendant Dealers Choice Transporter,

28   Inc., is a California corporation. (Id., ¶ 5.) Defendant Bhupinder Gill, an individual, is alleged to

                                                   1

be owner and officer of the corporation. (<u>Id.</u>, ¶ 5-6.) Plaintiff filed the complaint on May 9, 2025, bringing a breach of contract claim against each defendant related to repayment of loans. (<u>Id.</u>, ¶¶ 21-29.)

A return of service filed on June 10, 2025, indicates defendant Bhupinder Gill was served with the summons and complaint by personal service on June 3, 2025, at 6:23 p.m. (ECF No. 7.) Another return of service filed on the same date indicates defendant Dealers Choice Transporter, Inc., was served by personal service to Bhupinder Gill – Agent for Service of Process at 5553 Northborough Drive in Sacramento, California. (ECF No. 5 at 1.) Thereafter the summons and complaint were mailed to Bhupinder Gill at the above address.[1] (<u>Id.</u> at 2.)

On July 14, 2025, plaintiff requested the Clerk's entry of default. (ECF No. 9.) On July 15, 2025, the Clerk entered default as to defendants Dealers Choice Transporter, Inc., and Bhupinder Gill.

On August 7, 2025, plaintiff filed the motion for default judgment presently before the court. (ECF No. 10) Plaintiff served copies of the motion to both defendants by mail to the address reflected on the returns of service. (<u>See id.</u> at 12.) Defendants have not filed an answer, opposed the motion for default judgment, or otherwise appeared in this case.

## II.  LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party for affirmative relief if that party fails to plead or otherwise defend against the action. <u>See</u> Fed. R. Civ. P. 55(a). The decision to grant or deny an application for default judgment lies within the sound discretion of the district court. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980).

Once default is entered, as a general rule, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages. <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord <u>Fair Housing of Marin v. Combs</u>,

---

[1] Both the Federal Rules of Civil Procedure and California law provide for service on a corporation by delivery or delivery and mailing to an agent authorized to receive service of process for the corporation. <u>See</u> Fed. R. Civ. P. (h)(1)(b); Cal. Civ. Proc. Code § 416.10(a)-(b). On the record currently before the court, it appears both defendants were properly served.

2

1   285 F.3d 899, 906 (9th Cir. 2002). "[N]ecessary facts not contained in the pleadings, and claims

2   which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am.,

3   980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the court may require

4   the moving party to produce evidence in support of the emotion for default judgment. See

5   TeleVideo Sys., Inc., 826 F.2d at 917-18.

6      Default judgments are ordinarily disfavored. Eitel v. McCool, 782 F.2d 1470, 1472 (9th

7   Cir. 1986). In making the determination whether to grant a motion for default judgment, the court

8   considers the following factors:

9          (1) the possibility of prejudice to the plaintiff, (2) the merits of
            plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)
10         the sum of money at stake in the action; (5) the possibility of a dispute
            concerning material facts; (6) whether the default was due to
11         excusable neglect, and (7) the strong policy underlying the Federal
            Rules of Civil Procedure favoring decisions on the merits.
12

13  Eitel, 782 F.2d at 1471-72.

14  **III.  DISCUSSION**

15      **A.  Eitel Factors**

16          **1.  Possibility of Prejudice to Plaintiff**

17      Plaintiff filed this case in May 2025 and defendants have not answered the complaint or

18  otherwise appeared. There is no indication they intend to do so. This case cannot progress without

19  defendants' participation, which leaves plaintiff no path forward except to seek a default

20  judgment. The possibility of prejudice to plaintiff if default judgment is not entered favors

21  granting this motion. See PepsiCo, Inc., v. California Security Cans, 238 F. Supp. 2d 1172, 1177

22  (C.D. Cal. 2002).

23          **2.  Merits of the Claims and the Sufficiency of the Complaint**

24      Due to the relatedness of the inquiries, the court considers the merits of plaintiffs'

25  substantive claims and the sufficiency of the complaint together. See Danning v. Lavine, 572 F.2d

26  1386, 1388 (9th Cir. 1978); PepsiCo, Inc., 238 F. Supp. 2d at 1175.

27      Plaintiff seeks recovery for breach of contract as to both defendants. Sitting in diversity,

28  this court applies California law. See Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1094 (9th Cir.

3

2003). The elements of a breach of contract claim under California law are "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." <u>See</u> <u>Wall St. Network, Ltd. V. New York Times Co.</u>, 164 Cal.App.4th 1171 (2008). Taking the well-pleaded allegations as true, <u>see</u> <u>Fair Housing of Marin</u>, 285 F.3d at 906, plaintiff has adequately pleaded breach of contract claims as to both defendants.

Under the allegations in the complaint, plaintiff and defendant Dealers Choice Transporter, Inc. ("Dealers Choice") entered into two Loan and Security Agreements for the finance of certain collateral ("Agreement 6001" and "Agreement 9001") and defendant Gill executed in writing a Continuing Guaranty ("Guaranty"). (ECF No. 1, ¶¶ 9-11.) Defendants, respectively, allegedly breached the terms of the Agreements and the Guaranty on August 10, 2023, when they failed to pay monthly installments due and owing. (<u>Id.</u>, ¶ 14.) Plaintiff recovered the collateral, sold it, and credited the net sale proceeds to the amounts owed on the Agreements. (<u>Id.</u>, ¶ 15.) After the net sale proceeds were applied, plaintiff elected to accelerate the loan evidenced by the Agreements and demanded payment. (<u>Id.</u>, ¶ 19.) No sums have been paid. (<u>Id.</u>, ¶ 20.) The following sums remained due and owing as of April 9, 2025: $365,036.51 as to Agreement 6001; and $64,508.13 as to Agreement 9001. (<u>Id.</u>, ¶ 17.) Interest at the default rate of 18% per annum continued to accrue, at $167.99 per diem as to Agreement 6001, and $29.20 per diem as to Agreement 9001. (<u>Id.</u>, ¶ 18.)

### 3. The Sum of Money at Stake

Under the fourth factor cited in <u>Eitel</u>, "the court must consider the amount of money at stake in relation to the seriousness of defendant's conduct." <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1176-77; <u>see also</u> <u>Philip Morris USA, Inc. v. Castworld Prods., Inc.</u>, 219 F.R.D. 494, 500 (C.D. Cal. 2003). This factor requires the court to assess whether recovery sought is proportional to the harm caused by defendants' conduct. <u>See</u> <u>Vogel v. Rite Aid Corp.</u>, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014) ("Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct").

Plaintiff seeks $448,672.07 in damages and submits declarations and exhibits in support of these amounts based on the terms of the Agreements. While the amount sought is substantial, it

4

is a sum certain representing damages incurred under the agreement. Even though the award sought is substantial, this factor does not preclude granting default judgment.

### 4.  The Possibility of a Dispute Concerning Material Facts

The court assumes the truth of well-pleaded facts in the complaint following the clerk's entry of default. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. There is no indication of material facts in dispute, and this factor favors granting default judgment.

### 5.  Whether the Default Was Due to Excusable Neglect

Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

As set forth above, the record indicates defendants were properly served. Plaintiff also served the motion for default judgment to both defendants by mailing copies of the motion. The record contains no indication that defendants' default is due to excusable neglect.

### 6.  The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citation omitted); see also Craigslist, Inc., 694 F. Supp. 2d at 1061. Rule 55 allows a court to decide a case before the merits are heard if defendant fails to appear and defend. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Thus, although the court is cognizant of the policy in favor of decisions on the merits, that policy does

5

1   not preclude the entry of default judgment.

2   **7. <u>Eitel</u> Recommendation**

3   Taken together, the relevant factors support granting the motion for default judgment. It

4   will therefore recommended default judgment be entered.

5   **B.  Terms of the Judgment to be Entered**

6   The court determines the "amount and character" of the relief to be awarded upon default

7   judgment. <u>Landstar Ranger, Inc. v. Parth Enterprises, Inc.</u>, 725 F.Supp.2d 916, 920 (C.D. Cal.

8   2010)). A plaintiff "must "prove up" the damages. <u>Id.</u> at 923 (citations omitted). The damages

9   sought cannot "differ in kind from, or exceed in amount, what is demanded in the pleadings."

10  Fed. R. Civ. P. 54(c). Default judgment may be entered without a hearing where the plaintiff

11  submits documentary evidence showing that the amount sought in damages is based on a definite

12  figure capable of mathematic computation. <u>Davis v. Fendler</u>, 650 F.2d 1154, 1161 (9th Cir. 1981)

13  (quoting <u>United Artists Corp. v. Freeman</u>, 605 F.2d 854, 857 (5th Cir. 1979)).

14  Plaintiff seeks the amounts due as of July 16, 2025, for principal, interest, and fees as

15  follows: $381,331.54 as to Agreement 6001; and $67,340.53 as to Agreement 9001, totaling

16  $448,672.07. (ECF No. 10 at 7, 11.) Plaintiff has provided affidavits and loan documents

17  including the Agreements, Guaranty, and pay off statements to establish monetary damages. (See

18  ECF No. 11, Declaration of Byran Schrepel, Exh. 1-6.) The undersigned recommends these

19  damages be awarded. Plaintiff also seeks attorney's fees and court costs (ECF No. 10 at 11.)

20  Plaintiff requests attorney's fees in the amount of $4,745.00 (ECF No. 12, ¶ 13.) The

21  Agreements and Guaranty provide for the payment of reasonable attorney's fees should legal

22  action be instituted to enforce the payment thereof. (ECF No. 1 at 3, ¶ 13.) The amount requested

23  represents 12.6 hours worked and 2 hours anticipated to be worked at the rate of $325.00. (See

24  ECF No. 11, Declaration of Jennifer Witherell Crastz, Exh. 7.) Examination of the declaration

25  indicates the requested hourly rate is reasonable for this district as compared to the prevailing

26  market rate for similar services by lawyers of reasonably comparable skill. See <u>Kerr v. Screen</u>

27  <u>Extras Guild, Inc.</u>, 526 F.2d 67, 69-70 (9th Cir. 1975). The amount claimed is also reasonable

28  with respect to the number of hours expended on this litigation. Plaintiff should be awarded fees

for the hours worked. However, the undersigned will not recommend fees be paid for the two

additional hours anticipated to be worked in light of this motion being submitted without hearing

and oral argument pursuant to Local Rule 230(g). (See ECF No. 14.)

Costs of suit other than attorney fees are appropriate and should be awarded. See Fed. R.

Civ. P. 54(d)(1). The $701.18 sum requested is for the filing fee and service of process. (ECF No.

11, ¶ 26.)

## IV. CONCLUSION

In accordance with the above, IT IS ORDERED as follows:

1. The Clerk of the Court shall assign a district judge to this case.

2. Within 5 days after these findings and recommendations are filed, plaintiff shall serve
   a copy on each defaulted defendant by mail at the address where service of process
   was effected or at any more recent address known to plaintiff, and shall file a proof of
   such service.

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's motion for default judgment (ECF No. 10) be GRANTED, judgment be
   entered in favor of BMO Bank N.A. and against Dealers Choice Transporter, Inc. on
   count one and against Bhupinder Gill on count two, for the sum of $453,468.25 for the
   following:
   a. $448,672.07 in damages for principal and interest
   b. $701.18 in costs
   c. $4,095.00 in attorney's fees

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 (21) days after

being served with these findings and recommendations, any party may file written objections with

the court and serve a copy on all parties. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served

on all parties and filed with the court within seven (7) days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to

7

appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 4, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.bmo25cv1333.mdj